UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America, | No. 16-cr-20437 |
| Plaintiff, | Hon. Robert H. Cleland |
| v. | |
| D-1 Jacklyn Price, | Offenses:<br>18 U. S. C. § 1349 (Count 1)<br>Conspiracy to Commit Health Care Fraud |
| Defendant. | |
| | 18 U. S. C. § 1347 (Count 3)<br>Health Care Fraud |
| | **Maximum Penalty:**<br>10 Years (Count 1)<br>10 Years (Count 3)<br>**Maximum Fine:**<br>Not to exceed $250,000 or twice the pecuniary gain or loss<br>**Mandatory Supervised Release:**<br>Up to 3 years |

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Defendant

Jacklyn Price ("Defendant" or "Price") and the government agree as follows:

1. **Guilty Plea**

   A.   **Count of Conviction**

   Defendant will enter a plea of guilty to Counts One and Three of the Indictment, which charge her with conspiracy to commit health care fraud, in violation of 18 U. S. C. § 1349; and health care fraud in violation of 18 U. S. C. § 1347.

   B.   **Elements of Offense**

   The elements of Count One are as follows:

   1.   That two or more persons, in some way or manner, came to a mutual understanding to try and accomplish a common and unlawful plan as charged in the Indictment; and

   2.   The defendant, knowing the unlawful purpose of the plan, willfully joined in it.

   The elements of Count Three are as follows:

   1.    That the defendant knowingly and willfully executed, or attempted to execute a scheme to defraud any health care benefit program or to obtain, by means of false or fraudulent pretenses, representations, or promises any of the money or property owned by or in the control of a health care benefit program, in connection with the delivery of or payment for health care benefits, items or services;

2.      That the scheme related to a material fact or included a material misrepresentation or concealment of a material fact; and

3.      That the defendant had the intent to defraud.

**C.      Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for Defendant's guilty plea:

From on or about January 15, 2011, through in or around June, 2016, in Wayne County and Oakland County in the Eastern District of Michigan, and elsewhere, Price knowingly and willfully conspired with others, including Muhammad Qazi ("Qazi") and Millicent Traylor ("Traylor"), to commit health care fraud, in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States as defined in 18 U.S.C. § 24. Furthermore, Medicare is a health care benefit program affecting commerce.

Between January 2011 and June 2016, Price owned and operated Metro Mobile Physicians, P.C. ("Metro Mobile"). Between September 2012 and June 2016, Price owned and operated Patient Choice Internal Medicine, P.C. ("Patient Choice"). Metro Mobile and Patient Choice were Medicare providers that purported to provide physician services to Medicare beneficiaries. ~~Price paid kickbacks and bribes to patients and patient recruiters in exchange for referring Medicare beneficiaries to serve as patients at Metro Mobile and Patient Choice.~~

- 3 -

Price also solicited and received kickbacks and bribes from co-conspirator Qazi in exchange for referring Medicare beneficiaries to serve as patients at United Home Health Care, Inc. ("United"), a Medicare provider that purported to provide home health treatment to Medicare beneficiaries.  Price knew this was in violation of federal criminal laws.

In addition, Price paid co-conspirator Traylor, who was not a licensed physician, to conduct physician visits with Medicare beneficiaries and create fraudulent medical records, including home health certifications, plans of care, and other treatment records.  Price and Traylor then fraudulently signed the name of various licensed physicians to those medical records.  For example, Price, through Patient Choice, caused the submission of a claim to Medicare for a physician office visit conducted by licensed physician S.S. with Medicare beneficiary H.R. on or about May 6, 2015.  As a result of the claim, Medicare paid Patient Choice approximately $114.07.  This claim was false in that no such treatment ever occurred.

Metro Mobile, Patient Choice, and United used the fraudulent medical records to bill Medicare for home health treatment and physician services that were medically unnecessary, never provided, and/or acquired through kickbacks.

Between January 15, 2011 and June 2016, Price caused Medicare to be billed approximately $8,888,721 in fraudulent claims.

- 4 -

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the Defendant's guilty plea. It does not include all facts known to the Defendant regarding her illegal activities. Defendant makes this statement knowingly and voluntarily because she is in fact guilty of the crime charged.

2. **Sentencing Guidelines**

    A. **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

    There are no sentencing guideline disputes. Except as provided below, the Defendant's guideline range is 121 – 151 months imprisonment, as set forth on the attached worksheets. If the Court finds:

    1. That Defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. That the offense level should be higher because, after pleading guilty, Defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 121 – 151 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that Defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except: a) the parties may take a position as necessary to the Court's determination regarding subsections 1) and 2), above; and b) the Defendant may argue for a downward departure in accordance with U.S.S.G. §5H1.8 and §4A1.3, based on the Defendant's criminal history category over-representing the seriousness of the Defendant's criminal history or the likelihood that the Defendant will commit other crimes. The government may oppose this argument.

3.   **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

~~Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range~~

*The sentence set forth in paragraph 2 is a recommendation and not binding on the Court.*

~~as determined by Paragraph 2B~~.

**B.    Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is 3 years.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.    Special Assessment**

Defendant will pay a special assessment of $200.00 at the time of sentencing.

**D.    Fine**

There is no agreement as to fines.  The Court may impose a fine on Count 1 in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).  The Court may impose a fine on Count 3 in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

**E.    Restitution**

The Court shall order restitution to every identifiable victim of Defendant's offenses. The victims and the full amounts of restitution in this case, are as follows:

U.S. Department of Health and Human Services, $6,350,332.

**F.      Forfeiture**

Pursuant to 18 U.S.C. § 982(a)(7) and/or 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c), Defendant agrees to forfeit to the United States her interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's offenses as charged in Count One (conspiracy to commit health care fraud) and Count Three (health care fraud) of the Indictment.

Defendant agrees to the entry of a forfeiture money judgment against her in favor of the United States in the amount of $6,350,332 representing the total value of the property subject to forfeiture for Defendant's commission of the offenses to which she has agreed to plead guilty.

Defendant shall be held jointly and severally responsible for the forfeiture money judgment with all other defendants found guilty of Count One of the Indictment in this case.  Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant.   To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the above referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, following Defendant's guilty plea, upon application by the United States at, or any time before, her sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the government.

Defendant agrees that she will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Rule 11(b)(1)(J), or otherwise, at the time her guilty plea is accepted.

Defendant further agrees to hold the United States, the federal and local agents working on this matter, their agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of property subject to forfeiture under this agreement.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature or form, in the property that Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on Defendant's part to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

Defendant further agrees to identify all assets over which she exercises control, directly or indirectly, or has exercised such control, within the past five years. She

also agrees to identify all assets in which she has or had during that time any financial interest and to provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. She also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of her tax returns for the previous five years.

Non-Abatement of Criminal Forfeiture:  Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

4.     **Cooperation Agreement**

The written cooperation agreement between Defendant and the government, entered into on this date, is part of this plea agreement.

5.   **Exclusion from the Medicare Program and Other Federal Health Care Programs**

The Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

6.   **Use of Withdrawn Guilty Plea**

If the Court allows Defendant to withdraw her guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), Defendant waives her rights under Fed. R. Evid. 410, and the government may use her guilty plea, any statement made under oath at the plea hearing, and the factual basis statement in this plea agreement, against her in any proceeding.

7.   **Other Charges**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case against the Defendant.

8.   **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which Defendant may withdraw from this agreement. The Court shall advise the Defendant that, if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

9.    **Appeal Waiver**

The Defendant waives any right she may have to appeal her conviction on any grounds. If the Defendant's sentence of imprisonment does not exceed the maximum allowed by Paragraph 3 of this agreement, Defendant also waives any right she may have to appeal her sentence on any grounds. If the Defendant's sentence of imprisonment is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence. The Government retains its right to appeal any sentence below that range. This waiver shall not be construed to bar a claim by Defendant of ineffective assistance of counsel.

10.    **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If Defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's

request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against Defendant within six months after the date the order vacating Defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, Defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 11.  Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Eastern District of Michigan.

## 12.  Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Defendant or to the attorney for the Defendant at any time before

Defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if Defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement unless Defendant fails to plead guilty, in which case Defendant waives the protections afforded by any such proffer and cooperation agreements.

This agreement also does not prevent any civil or administrative actions against Defendant, or any forfeiture claim against any property, by the United States or any other party.

Daniel L. Lemisch
Acting United States Attorney


_____
Wayne F. Pratt
Assistant United States Attorney
Chief, Health Care Fraud Unit
Eastern District of Michigan

_____
Stephen Cincotta
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section

_____
Allan J. Medina
Assistant Deputy Chief
U.S. Department of Justice
Criminal Division, Fraud Section

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.


_____
Gabi D. Silver
*Attorney for Defendant*

_____
Date    3/30/17

_____
Jacklyn Price
*Defendant*

_____
Date    3/30/17

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ⊠ |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

**1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1)(J) | Intended Loss Greater Than $3,500,000 | 18 |
| 2B1.1(b)(7) | Health Care Fraud Loss Greater than $7,000,000 | 3 |
| 2B1.1(b)(10)(C) | Sophisticated Means | 2 |
| | | |

**2.    ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.1 | Aggravating Role | 4 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Jacklyn Price | Count: | 1,3 |
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. §  |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

33

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

A-2

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ⬛ |

# WORKSHEET B (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

2. **GROUP TWO:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

3. **GROUP THREE:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

4. **GROUP FOUR:** COUNT(S) _____
   ADJUSTED OFFENSE LEVEL _____

5. **TOTAL UNITS**

unit

unit

unit

unit

units

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ⊞ |

6. **INCREASE IN OFFENSE LEVEL**

   1 unit ⟶ no increase     2 1/2 – 3 units ⟶ add 3 levels

   1 1/2 units ⟶ add 1 level   3 1/2 – 5 units ⟶ add 4 levels

   2 units ⟶ add 2 levels    > 5 levels ⟶ add 5 levels



7. **ADJUSTED OFFENSE LEVEL OF GROUP**
   **WITH THE HIGHEST OFFENSE LEVEL**



8. **COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § |

## WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months**                    **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                    **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                    **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Jacklyn Price | Count: | 1,3 |
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ▪ |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date*** | **Points** |
|---|---|---|---|---|---|
| Nov 19, 2007 | | False Report of Felony | 15 Days | | 1 |
| Nov 19, 2007 | | Operating - License Suspended ▪ | 15 Days | | 0 |
| Nov 19, 2007 | | Alcohol in Open Container ▪ | 15 Days | | 0 |
| Nov 19, 2007 | | Forged/False License | 15 Days | | 0 |
| Sep 23, 2014 | | Possession of Marijuana | Fine/ Probation ▪ | | 1 |
| | | | | | |

\*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*    A release date is required in only two situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Jacklyn Price | Count: | 1,3 |
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. §  |

**2.   COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



**3.   PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)   Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.



**4.   TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

[ 4 ]

**5.   CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥13 | VI |

[ III ]

C-3

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

   33

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

   -3

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.

   30

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

   III

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. <u>Total Offense Level</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   

   b. <u>Criminal History Category</u>:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal  provision (U.S.S.G. § 4B1.4), or  the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

   

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

   121-151

   months

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ⬚ |

## WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

    a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

    [X]  1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ]  2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

        3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b. Length of Term of Probation (U.S.S.G. § 5B1.2)

    [ ]  1. At least 1 year but not more than 5 years (total offense level ≥ 6)

    [ ]  2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

    [X]  a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

    [ ]  b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ▪ |

4.    **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a.    Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.    Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐   1.  At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒   2.  At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.  1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4.  The statute of conviction requires a minimum term of supervised release of _____ months.

c.    Conditions of Supervised Release  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.    **RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☒   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $6,350,332 _____ .

E-2

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § |

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

5. Restitution is not applicable.

6. **FINE  (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

   | <u>**Minimum Fine**</u> | <u>**Maximum Fine**</u> |
   |---|---|
   | $30,000 | $300,000 |

| Defendant: | Jacklyn Price | Count: | 1,3 |
|---|---|---|---|
| Docket No.: | 16-20437 | Statute(s): | 18 U.S.C. § 1349; 18 U.S.C. § ⌷ |

### 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 200.00 .

### 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X] Assets of the defendant will be forfeited.

[ ] Assets of the defendant will not be forfeited.

### 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

_____

### 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev. 07/13