**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                                                                 Criminal No. 16-20437

JACKLYN PRICE,

    Defendant.
                                            /

**ORDER DENYING DEFENDANT'S MOTIONS FOR DISCOVERY AND BAIL**

Before the court are Defendant's "Motion to Receive Full Discovery" and "Motion for Bail Pending Consideration of the 2255 Motion." Neither of these motions contains sufficient factual or legal explanation to justify the requested relief and will be denied.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The court has the discretion to grant discovery for good cause in habeas proceedings. Rule 6 Governing Section 2255 Proceedings. Here, the court determines that no good cause exists because Defendant has not articulated any particularized need for the "full discovery" that she seeks, which—the court presumes—was provided to Defendant's trial attorney during plea negotiations. Defendant asserts that she needs all her discovery "to assist [her] with challenging the loss amount as it pertains to [her] restitution and Sentencing Guidelines" and "to determine how the Government calculated my actual loss amount." (ECF No. 250.) In its response, the Government certifies that it mailed Defendant the portion of her PSR detailing the calculation of her loss figure. Based on this certification, the Government has satisfied Defendant's lone,

particularized discovery request. The limited information contained in Defendant's motion does not justify her request for "full" discovery.

The court will also deny Defendant's motion for bail pending the court's decision on her motion to vacate because Defendant has not demonstrated any special circumstances justifying the extraordinary relief of release on bond. *See Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir.2006); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). Accordingly,

IT IS ORDERED that Defendant's "Motion to Receive Full Discovery" (ECF No. 250) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Bail Pending Consideration of the 2255 Motion" (ECF No. 251) is DENIED.

                                     s/Robert H. Cleland
                                     ROBERT H. CLELAND
                                     UNITED STATES DISTRICT JUDGE

Dated: April 24, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2019, by electronic and/or ordinary mail.

                                     s/Lisa Wagner
                                     Case Manager and Deputy Clerk
                                     (810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\16-20732.FREITAS.deny.residential.reentry.HEK.docx