**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 16-20437

JACKLYN PRICE,

    Defendant.
_____/

**OPINION AND ORDER CONSTRUING DEFENDANT'S "MOTION TO VACATE SENTENCE [U]NDER 28 U.S.C. § 2255," "RESPONSE TO RESPONDENT'S ANSWER," AND "MOTION TO AMEND REPLY TO RESPONSE" JOINTLY AS AN AMENDED MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255, DENYING WITHOUT PREJUDICE DEFENDANT'S "MOTION FOR CONSIDERATION AND RESENTENCE," AND ORDERING THAT THE GOVERNMENT FILE A RESPONSE**

Defendant Jacklyn Price moves to vacate her sentence under 28 U.S.C. § 2255. (ECF No. 252.) She argues that her attorney's performance constituted ineffective assistance of counsel under the Sixth Amendment. The government has filed a response. (ECF Nos. 267.)

The government's response convincingly argues for dismissal of Price's original motion. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (A prisoner is not entitled to a hearing if his or her "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."). (*Id.*) Price's allegations in her original motion contain non-verifiable factual assertions and unsupported conclusions. Price was also contradicted by the

record, most prominently Price's own statements during her plea hearing and sentencing hearing. (ECF Nos. 151, 260.)

Price then filed a document titled "Response to Respondent's Answer." (ECF No. 269.) Standing at forty-six pages (forty-four of them handwritten), it appeared to be Price's reply. (*See* ECF No. 275, PageID.3077.) However, the document was far longer than reply briefs otherwise permitted in this district. E.D. Mich. L.R. 7.1(d)(3)(B) ("The text of a reply brief, including footnotes and signatures, may not exceed 7 pages."). Price also added new factual detail and legal analysis. *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) ("[A party] cannot raise new issues in a reply brief; he can only respond to arguments raise for the first time in [the opposing party's] brief."); *see also Chancellor v. City of Detroit*, 454 F.Supp.2d 645, 665 (E.D. Mich. 2006). If the document is treated as a reply, the government will be unable to file a response confronting new issues presented by Price. The current briefing as it stands *may* entitle Price to an evidentiary hearing. *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) ("Where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims.")

Soon after submitting her gargantuan reply, Price filed a "Motion to Amend Reply to Response." (ECF No. 278.) Price seeks to add another sixteen pages of new argumentation that the court did not request and the government has not responded to. (*Id.*) Price lastly filed a "Motion for Consideration and Resentence," which added no arguments and simply asked the court to consider Price's original motion.

Price's recent filings have added allegations. For example, Price has provided greater detail regarding her responsibility for the fraudulent acts of her co-defendant,

Muhammad Qazi. Price claims her attorney failed to investigate Price's involvement in Qazi's fraud by, for example, interviewing witness and requesting an evidentiary hearing. (ECF No. 269, PageID.3020-3023; ECF No. 278, PageID.3093-94.) Price asserts her attorney's ineffective performance caused Price to sign a plea agreement in which Price accepted responsibility for Qazi's fraudulent behavior under conspiratorial liability, resulting in a higher sentence. (ECF No. 278, PageID.3093-94.) Notably, Price's original § 2255 motion did not explicitly claim that her attorney's alleged failure to investigate the amount of loss caused Price to sign a plea agreement that Price would not have signed. This is notable given that the attorney who represented Price during plea negotiations did not represent Price at sentencing.

Pro se habeas corpus petitions "are to be liberally viewed with tolerance and forebearance." *Allen v. Perini*, 424 F.2d 134, 142 (6th Cir. 1970). While flexibility is not limitless, the court will give Price the opportunity to present all her arguments, whether they be in her original motion or her subsequent "replies." The court will construe Price's "Response to Respondent's Answer" and "Motion to Amend Reply to Response" as requests to amend her original motion. (ECF Nos. 269, 278.) The court will grant these amendments. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)) ("Under Rule 15(a), leave to amend a pleading shall be freely given when justice so requires."). Price's two filings and her original motion will be considered together as her amended motion. (ECF Nos. 1, 269, 278.)

The court will give the government an opportunity to fully respond to any of Price's newly submitted arguments. Price may reply to the government's response, but

3

she must comply with the spatial requirements of a proper reply. The court will not allow Price to again amend her motion in response to the government's briefing.

Price does not cite any legal basis for her "Motion for Consideration" and the court is actively considering Price's § 2255 motion. Price's "Motion for Consideration and Resentence" will be denied without prejudice. Accordingly,

IT IS ORDERED that Defendant Jacklyn Price's "Response to Respondent's Answer" (ECF No. 269) and "Motion to Amend Reply to Response" (ECF No. 278) are CONSTRUED jointly with her original § 2255 motion, "Motion to Vacate Sentence [U]nder 28 U.S.C. § 2255" (ECF No. 252), as an Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255.

IT IS FURTHER ORDERD that Price's "Motion for Consideration and Resentence" (ECF No. 282) is DENIED WITHOUT PREJUDICE.

Lastly, IT IS ORDERED that Plaintiff United States of America shall file a response to Price's newly amended motion by **February 21, 2020**.

                                              s/Robert H. Cleland          /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: December 9, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 9, 2019, by electronic and/or ordinary mail.

                                              s/Lisa Wagner              /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522