# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 16-20437

JACKLYN PRICE,

    Defendant.

_____/

## OPINION AND ORDER TRANSFERRING DEFENDANT'S SECOND MOTION TO VACATE SENTENCE TO THE SIXTH CIRCUIT

Defendant Jacklyn Price pleaded guilty on April 18, 2017, to health care fraud conspiracy, 18 U.S.C. § 1349, and health care fraud, 18 U.S.C. § 1347. On November 14, 2018, the court sentenced her to 160 months imprisonment. (ECF No. 241, PageID.2347.) Defendant did not appeal her sentence.

On March 18, 2019, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255. (ECF No. 252.) After extensive briefing and numerous orders and opinions, (*see* ECF Nos. 250-51, 258-59, 261-63, 267-87, 293, 318, 322-24), the court denied Defendant's motion on October 27, 2020. (ECF No. 324.) Defendant did not appeal the decision.

On March 25, 2021, Defendant filed a second motion to vacate her sentence under § 2255. (ECF No. 333.) She correctly states that the court imposed consecutive sentences for the two offenses to which she pleaded guilty. (*Id.*, PageID.3673-74.) Because the court imposed consecutive sentences, Plaintiff argues that she was permitted to appeal her sentence even though her plea agreement contained an appeal

waiver. (*Id.*) In addition, Plaintiff argues that the court failed to properly consider 18 U.S.C. § 3553(a) sentencing factors when it applied consecutive sentences. (*Id.*, PageID.3675-76.)

The government filed a response on April 14, 2021. (ECF No. 338.) It notes that § 2255 motions to vacate must be filed "prior to the expiration of a one-year statute of limitations" provided under 28 U.S.C. § 2255(h). *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004). (*See* ECF No. 338, PageID.3691-92.) Under § 2255(h), the "limitation period" for motions to vacate "run from the latest of":

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[1]

The government argues that Defendant's second motion to vacate was filed after the § 2255 statute of limitations expired. (ECF No. 338, PageID.3692-93.) Defendant did not file a reply to oppose the government's argument.

There is support for the finding that Defendant's second motion to vacate is time barred. However, the instant motion is a successive § 2255 motion to vacate, and the court must transfer it to the Sixth Circuit. Section 2255(h) states that all "second or

---

[1] This one-year statute of limitations "applies to all motions under § 2255, initial motions as well as second or successive ones." *Dodd v. United States*, 545 U.S. 353, 359 (2005) (quotations removed).

2

successive motion[s] must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals." It is well-established under Sixth Circuit caselaw that "when a second or successive . . . § 2255 motion is filed in district court without . . . authorization from [the Court of Appeals], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The court does not have jurisdiction to resolve, whether on substance or procedure, second or successive § 2255 motions. *See Moreland v. Robinson*, 813 F.3d 315, 324 n.2 (6th Cir. 2016) (citing *Burton v. Stewart*, 549 U.S. 147, 152 (2007)) ("[F]ailure to obtain precertification for the filing of . . . a [second or successive] petition deprives the district court of jurisdiction."); *In re Booker*, 797 F. App'x 959, 965 (6th Cir. 2020) (reasoning that, after a district court determines a § 2255 motion is second or successive, the proper procedure is not to deny the motion but to transfer it to the Sixth Circuit).

Defendant's instant motion was filed five months after the court denied her initial motion to vacate under § 2255. *See Clark v. United States*, 764 F.3d 653, 559 (6th Cir. 2014) ("[A] motion to amend is not a second or successive application for § 2255 relief [if] the motion [is] filed before [the defendant] forfeited her appellate remedies and thus before the adjudication of her § 2255 motion was decisively complete."). (ECF No. 324.) The instant motion attacks the validity of Defendant's sentence, and the court finds that it is a successive § 2255 motion. Thus, the court must transfer Defendant's motion to the Sixth Circuit. *In re Sims*, 111 F.3d at 47. Accordingly,

IT IS ORDERED that Defendant's "Motion to Vacate Sentence Under 28 U.S.C. 2255" (ECF No. 333) is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit.

                                                s/Robert H. Cleland                  /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: May 5, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 5, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                     /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20437.PRICE.SecondMotiontoVacateSentence.RMK.1.docx