UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 16-20437

D-1 JACKLYN PRICE,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT JACKLYN PRICE'S MOTION FOR COMPASSIONATE RELIEF AND REDUCTION OF SENTENCE**

Pending before the court is Defendant Jacklyn Price's motion for compassionate release and reduction in sentence. (ECF No. 355.) The motion has been fully briefed, and the court finds a hearing is not necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the court will deny the motion.

**I.   BACKGROUND**

On April 18, 2017, Defendant pleaded guilty to one count of conspiracy to commit health care fraud, 18 U.S.C. § 1349, and one count of health care fraud, 18 U.S.C. § 1347. (ECF No. 50.) In so doing, Defendant admitted utilizing her businesses and conspiring with others to defraud Medicare and patients by billing, or causing billing, for services and drug prescriptions that were medically unnecessary, not provided, obtained through kickbacks and bribes, or otherwise not reimbursable. (*Id.*, PageID.244-45). From January 2011 to June 2016, Defendant and her co-conspirators caused Medicare to be billed approximately $8,888,721 in fraudulent claims. (*Id.*, PageID.244.)

Shortly after being arrested in June 2016, Defendant was released on bond with certain conditions, including a prohibition from submitting claims or causing claims to be submitted to Medicare. (ECF No. 15, PageID.64.) Yet, while on bond, Defendant opened a new clinic in her brother's name, which submitted approximately $235,180 in claims to the Medicare program between October 2016 and June 2018. (ECF No. 179, PageID.1712-13.) Finding that Defendant had continued engaging in deceptive and fraudulent activities and violated her bond condition, the court committed her to custody pending sentencing. (ECF No. 260, PageID.2749-51.)

On November 14, 2018, the court sentenced Defendant. (ECF No. 260.) Considering Defendant's past behaviors and actions leading to her bond being revoked, the court declined to grant Defendant acceptance of responsibility credit and determined the applicable sentencing guideline to be 168-210 months. (*Id.*, PageID.2749-53). Nonetheless, the court sentenced Defendant bellow the guideline range to 160 months. (ECF No. 241.) As the basis for the sentence, the court emphasized Defendant's lengthy criminal record, including her "decades-long history of dishonesty and deceitfulness," "pattern of fraud and deception," as well as the seriousness of the offense including the "acquisition and street distribution of opioids." (ECF No. 260, PageID.2781-92.) Defendant did not appeal her conviction or sentence. Her projected release date is January 4, 2030.[1]

---

[1] On March 18, 2019, Defendant filed her first motion to vacate her sentence under 28 U.S.C. § 2255, which raised ten separate grounds for relief (ECF No. 252.) The court denied that motion. (ECF No. 324). Two years later, Defendant filed a second §2255 motion, this time to challenge the court's imposition of consecutive sentences for the offenses to which she pleaded guilty. (ECF No. 333). The court transferred Defendant's second motion to the Sixth Circuit for consideration because she did not obtain its authorization to file it. (ECF No. 341.) On December 3, 2021, the Sixth Circuit denied

In her motion, Defendant argues that the health risks presented by the Coronavirus Disease ("COVID-19") while incarcerated at FMC Lexington justify her immediate release. (ECF No. 355, PageID.3754-58.) The government opposes Defendant's motion, maintaining that she fails to demonstrate an extraordinary and compelling reason permitting relief (ECF No. 358.)

## II.  STANDARD

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release herself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'"

---

Defendant's motion for authorization to file a second §2255 motion. *In re Jacklyn Price*, No. 21-1465 (6th Cir. Dec. 3, 2021) (Doc No.12).

and must also "determine whether, in its discretion, [a] reduction ... is warranted" under § 3553(a)).

### III. DISCUSSION

#### A. Extraordinary and Compelling Reasons

Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

Defendant cites her medical conditions amid the COVID-19 pandemic as extraordinary and compelling reasons justifying compassionate release. (ECF No. 365, PageID.3754-57.) Specifically, Defendant asserts that she suffers from obesity and asthma, which put her at higher risk of severe complications from COVID-19. (*Id.*) However, Defendant has also recovered from COVID-19 twice, is fully vaccinated, and has received at least one booster shot. (ECF No. 365, PageID.3757; ECF No. 374, PageID.3962-63.) The Centers for Disease Control and Prevention (CDC) advise that "COVID-19 vaccines are effective at preventing severe disease, hospitalization, and death." Centers for Disease Control and Prevention, *COVID-19 Vaccines Work* (Jun. 28, 2022). Moreover, "[s]ubstantial immunologic evidence and a growing body of epidemiologic evidence indicate that vaccination after infection significantly enhances protection and further reduces risk of reinfection." Centers for Disease Control and

4

Prevention, *SAR-CoV-2 Infection-induced and Vaccine-induced Immunity* (Oct. 29, 2021).

The Sixth Circuit has been clear that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (same); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (noting that "absent extenuating circumstances not present here, ... the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an " 'extraordinary and compelling reason' justifying a sentencing reduction") (citations omitted); *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (rejecting the prisoner's "argument that an elevated risk of COVID-19 can still meet the 'extraordinary and compelling' requirement of § 3582(c)(1)(A)(i) despite the widespread availability of the vaccine"); *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated") (quotations omitted). Federal courts "have routinely held that extraordinary and compelling circumstances are lacking and a compassionate release is not warranted based on the threat of Covid-19 alone when a vaccine is available." *United States v. Browder*, No. 13-20917, 2022 WL 2898632, at *2 (E.D. Mich. July 21, 2022) (citing cases); *United States v. Washington*, No. 17-20683, 2022 WL 2678518, at *3 (E.D. Mich. July 11, 2022)

5

(same); *see e.g., United States v. Smith*, No. 10-CR-20566, 2022 WL 3230423, at *2 (E.D. Mich. Aug. 10, 2022); *United States v. Stewart,* No. 17-CR-20756, 2022 WL 3145951, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Bates,* No. 16-CR-20280, 2022 WL 3137415, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022). Defendant's situation here is no different.

Further, Defendant does not allege that her obesity and asthma are ill-managed. In fact, Defendant's narrative and her medical records suggest the opposite. (ECF No. 355, PageID.3755-57; ECF No. 359.) *See United States v. Drummond*, No. 21-3625, 2022 WL 2661593, at *2 (6th Cir. Feb. 14, 2022) (denying compassionate release in part because the defendant never alleged that his asthma and hypertension were not "well-managed"); *United States v. Gray*, 855 Fed. Appx. 281, 283 (6th Cir. 2021) (affirming denial of compassionate release request based on health conditions including obesity, stating "[g]iven that Gray had failed to present any evidence that his obesity was poorly managed or had any impact on his health, the district court was unable to find an extraordinary and compelling reason to warrant a sentence reduction").

Accordingly, extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a reduction of sentence.

### B.  § 3553(a) Sentencing Factors

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

  (3) the kinds of sentences available;

  (4) the kinds of sentence and the sentencing range established . . .

  (5) any pertinent policy statement . . .

  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives.'" *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

  Defendant claims that "the court did not properly examine the 3553(a) factors" at sentencing. (ECF No. 355, PageID.3759.) Defendant's contention flies in the face of

7

reality. The record is clear that the court reviewed the parties' presentence reports and arguments addressing the factors, and the court also detailed its reasonings based on these factors underlying the imposed sentence. (ECF No. 260.)

At this juncture, the court also considers the sentencing factors under 18 U.S.C. § 3553(a) and finds that they do not support an immediate release or reduction of sentence.

The first factor is the nature and circumstances of the offense and the history and characteristics of Defendant. Defendant admitted that the crimes she committed were serious. (ECF No. 355, PageID.3759.) She orchestrated and engaged in an extensive conspiracy to defraud the Medicare program, swindling the needed resources out of the nation's safety net that could otherwise be used to help vulnerable and infirm individuals. Between January 2011 and June 2016, Defendant worked with her other coconspirators to submit almost $9 million in fraudulent claims to Medicare, over $6 million of which was paid. As part of her scheme, Defendant and her co-conspirators also misled Medicare beneficiaries into believing that they were provided qualified treatments, when in fact they were being seen and treated by an unlicensed medical school graduate. To obtain payments from Medicare, Defendant helped to submit fraudulent documentation, often using forged names of licensed physicians. Additionally, Defendant and her co-conspirator facilitated the acquisition and distribution of opioid with medically unnecessary prescriptions for beneficiaries.

Defendant has an extensive criminal record. Many of her crimes – e.g., credit card theft and theft by check alteration – are rooted in fraud-like behaviors prior to her facilitation and participation in her Medicare billing scheme. Defendant's history is also

laden with failures to appear for court and probation violation. The court is further troubled by Defendant's continued disrespect for the law even when she had been caught for her crimes. After being arrested in June 2016, Defendant's conditions of bond barred her from billing Medicare. Nonetheless, she opened a business in her brother's name to continue to bill the program for over a year, to the tune of over $235,000. The violation was discovered, leading to the revocation of Defendant's bond.

Considering her leading role in a sophisticated and extensive scheme to steal from the country's safety net, to deceive Medicare beneficiaries, and to take advantage of patients' infirmity, ignorance, or drug addiction, the court finds Defendant's actions serious and reprehensible. The nature and circumstances of Defendant's past behavior does not support immediate release, which would shorten her thirteen-year sentence by more than half. 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3582(c)(1)(A).

Considering the second factor, the court finds the imposed sentence necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Defendant defrauded Medicare of millions and did so by exploiting the old and mentally infirm (through drug addiction or otherwise). She flouted basic medical licensing laws, misled patients, and illegally facilitated the distribution of opioids under the names of licensed doctors. Releasing Defendant before reaching even the half-way point of her sentence would denigrate, rather than promote respect for the several laws she violated, and would fail to reflect the serious and troubling nature of her crimes. 18 U.S.C. § 3553(a)(2)(A); 18 U.S.C. § 3582(c)(1)(A). Such early release would not provide time for just punishment in reaction to the behavior Defendant repeatedly exhibited during her billing scheme.

The sentence imposed is also needed "to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). Defendant has an extensive criminal history. Additionally, her involvement in the conspiracy to defraud Medicare and distribute unnecessary opioids took place over the course of years. Defendant developed not only a career, but also an enterprise, around illegal activity; her crimes were sophisticated and were committed using many patients. A substantial, but not excessive, term of imprisonment is needed to ensure deterrence. This is needed not only for Defendant, but also for others who may consider her criminal activity, which by its complex nature can be difficult to detect.[2]

Likewise, the imposed sentence is required "to protect the public from further crimes of [Defendant]." 18 U.S.C. § 3553(a)(2)(C). Defendant has shown herself capable of orchestrating and participating in complex crimes. Time after time, Defendant demonstrated her disrespect for the law and judicial authority. The court believes if Defendant's sentence is cut short by more than half, she could reenter society and commit additional offenses. Public safety weighs in favor of continued incarceration.

The court also finds that the sentence here can "provide [Defendant] with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). It is undisputed that Defendant has medical issues, including

---

[2] The court notes that in June 2022, the U.S. Sentencing Commission issued a detailed report on incarceration and recidivism. United States Sentencing Commission, *Length of Incarceration and Recidivism* (2022). Analyzing data on thousands of federal prisoners, the Commission found that incarceration lengths of more than 120 months had a preventative effect while incarceration of sixty months or less had little to no deterrent effect. *Id.* at 4. Given that Defendant has served less than four years of her sentence, this study bolsters the court's finding that its original sentence would more likely provide deterrence from further crime, and that the lenient early release as proposed would not.

asthma and obesity. However, as indicated above, Defendant has been vaccinated,[3] which substantially alleviates the concerns with COVID-19 infection and illnesses. Nothing suggests that Defendant's medical conditions are not being well managed. And contrary to Defendant's claim that the current imprisonment term would hinder her ability to receive vocational and learning opportunities, the records show that the detention facility where she is located has provided Defendant with numerous classes and training programs. (ECF No. 355, PageID.3783-95; ECF No. 367, PageID.3934.)

The court also considers "the sentencing range established." 18 U.S.C. § 3553(a)(4). Defendant's advisory guideline range was 168-210 months imprisonment. The court sentenced Defendant to 160 months, which is below the lower bound of the advisory range. Immediate release, when Defendant's projected release date is in January 2030, is not justified. 18 U.S.C. § 3553(a)(4).

The court is mindful of "[t]he need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, that concern is minimalized because the court took into account the advisory guideline range in imposing sentence, and the slight downward departure here benefits Defendant. *See United States v. Smith*, 564 F. App'x 200, 205 (6th Cir. 2014) ("[I]t is well-settled that a sentence within the Guidelines furthers the goal of reducing disparities."). Additionally, Defendant does not demonstrate how the defendants in the allegedly "similar cases" referenced by her (ECF No. 355, PageID. 3760-61) have "similar records" and were "found guilty of similar conduct," 18

---

[3] In fact, Defendant was prioritized to receive COVID-19 vaccination given her conditions. (ECF No. 355, PageID.3757.)

U.S.C. § 3553(a)(6). In fact, a cursory review of these cases reveals that the defendants therein do not have the same extensive similar records as Defendant.

## IV. CONCLUSION

The health risks presented by COVID-19 neither present an extraordinary and compelling circumstance nor outweigh the many § 3553(a) factors that weigh in favor of continued incarceration, and do not justify cutting Defendant's sentence by more than half. Accordingly,

IT IS ORDERED that Defendant's "Motion [for] Compassionate Release [or] Reduction In Sentence Pursuant to 18 U.S.C. 3582(c)(1)(a)" (ECF No. 355) is DENIED; and

IT IS FURTHER ORDERED that Defendant's "Motion for Emergency Hearing" (ECF No. 374) is DENIED AS MOOT.

        s/Robert H. Cleland     /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 25, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 25, 2022, by electronic and/or ordinary mail.

        s/Lisa Wagner     /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\NTH\Criminal\16-20437.PRICE.CompassionateRelief.NTH.docx